IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SCOTT A. McCUNE,

                    Plaintiff,

vs.                                        Case No. 13-1207-SAC

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

                    Defendant.


MEMORANDUM AND ORDER

On September 23, 2014, this court issued an order reversing the

decision of the Commissioner and remanding the case for further

hearing (Doc. 28).  On January 12, 2015, this court approved an

order for attorney fees under the EAJA in the amount of

$7,549.03 (Doc. 31).[1]  On March 20, 2017, defendant issued a

notice of award to the plaintiff on plaintiff's request for

reconsideration (Doc. 33-3).  Plaintiff then filed a motion for

attorney fees under 42 U.S.C. § 406(b) (Doc. 32-33).  Defendant

filed a response to the motion (Doc. 34).

      Section 206(b) of the Social Security Act ("SSA"), 42

U.S.C. § 406(b), provides that "[w]henever a court renders a

judgment favorable to a claimant ... the court may determine and

allow as part of its judgment a reasonable [attorney] fee ...

---

[1] Both plaintiff and defendant agree that $4,624.00 of this amount was withheld to meet plaintiff's child support obligations.  Therefore, plaintiff's counsel only received $2.925.03 of the EAJA award (Doc. 33, 34).

not in excess of 25 percent of the past due benefits." This provision allows the Court to award attorney fees in conjunction with a remand for further proceedings where plaintiff ultimately recovers past due benefits. Wrenn ex rel. Wrenn v. Astrue, 525 F.3d 931, 933 (10th Cir. 2008). Where plaintiff has agreed to a contingency fee arrangement, the Court must review the agreement as an independent check to assure that it yields a reasonable result in the particular case. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Plaintiff and his attorney entered into a contingent fee agreement whereby plaintiff agreed to pay his attorney 25% of his retroactive disability benefits if he received an award of disability benefits (Doc. 33). Plaintiff received an award of past due benefits; defendant withheld $13,070.25 from the past due benefits (25% of past due benefits) in case they need to pay plaintiff's legal counsel (Doc. 33-3). Plaintiff's counsel seeks attorney fees of $13,070.25. Counsel spent 40.7 hours representing plaintiff in the district court action. The request thus represents an effective hourly rate of $321.14 (Doc. 33).

In the case of Grace v. Colvin, 2015 WL 7102292 at *1-2, Case No. 12-1017-JWL (D. Kan. Nov. 13, 2015), the Commissioner had withheld $28,077.65 (25% of the past-due benefits) from her award to plaintiff, to be applied to payment of that fee.

Counsel's agreement with plaintiff was for 25% of past-due benefits. However, counsel only requested a fee of $17,000.00 for 39.35 hours of work. This represented an hourly rate of $432.02. The court found that the attorney fee of $17,000.00 was reasonable in the circumstances of that case.

In the case of Russell v. Astrue, 509 F.3d 695, 696-697 (10th Cir. Jan. 31, 2013), the court found that an hourly rate of $422.92 was not beyond the bounds of reasonable judgment or permissible choice (this represented a reduction from an effective hourly rate of $611 requested by counsel). In the case of Brown v. Colvin, Case No. 12-1456-SAC (D. Kan. Sept. 20, 2016), the court found that an hourly fee of $307.64 was reasonable. In the case of Glaze v. Colvin, Case No. 13-2129-SAC (D. Kan. July 15, 2015, Doc. 23), the court found that an hourly fee of $293.00 was reasonable. In the case of Sharp v. Colvin, Case No. 09-1405-SAC (D. Kan. Jan. 13, 2015), the court found that an hourly rate of $258.63 was reasonable. In the case of Bryant v. Colvin, Case No. 12-4059-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $418.28 was reasonable. In the case of Roland v. Colvin, Case No. 12-2257-SAC (D. Kan. Dec. 23, 2014), the court found that an hourly rate of $346.28 was reasonable. In the case of Wulf v. Astrue, Case No. 09-1348-SAC (D. Kan. May 30, 2012, Doc. 23), the court found that an hourly fee of $321.01 was reasonable. In the case of

<u>Vaughn v. Astrue</u>, Case No. 06-2213-KHV, 2008 WL 4307870 at *2 (D. Kan. Sept. 19, 2008), the court found that $344.73 was a reasonable hourly fee.  In <u>Smith v. Astrue</u>, Case No. 04-2197-CM, 2008 WL 833490 at *3 (D. Kan. March 26, 2008), the court approved an hourly fee of $389.61.  In summary, hourly fees ranging from $258.63 to $432.02 have been approved in the cases cited above.  <u>See</u> <u>Robbins v. Barnhart</u>, Case No. 04-1174-MLB, 2007 WL 675654 at *2 (D. Kan. Feb. 28, 2007)(In his brief, the Commissioner noted that, in interpreting <u>Gisbrecht</u>, courts have found reasonable fee amounts ranging from $338.29 to $606.79 per hour).

The requested hourly rate by counsel is within the range of the hourly fees approved in the above cases.  The court therefore finds that a § 406(b) fee of $13,070.25, which represents an hourly fee of $321.14 (for 40.7 hours) is a reasonable fee in this case.

IT IS THEREFORE ORDERED that the motion by plaintiff's attorney for an award of attorney fees under 42 U.S.C. § 406(b) (Doc. 32) is granted.  Plaintiff's attorney is entitled to $13,070.25 in fees under 42 U.S.C. § 406(b).  The Commissioner shall pay the fees from the amount she is withholding from plaintiff's past due benefits.

IT IS FURTHER ORDERED that plaintiff's counsel shall refund to plaintiff $2,925.03, which he received as fees under the

EAJA, after plaintiff's attorney receives his $13,070.25 in attorney fees from the Commissioner.

Dated this 27th day of June 2017, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge